ARMAND MOREL *vs.* E. TURGEON CONSTRUCTION COMPANY, INC.

AUGUST 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This cause is before us on the employee's appeal from a decree of the superior court denying his original petition for workmen's compensation. General laws 1938, chapter 300.

On December 11, 1947 the petitioner, a carpenter in respondent's employ, and other fellow workmen while laying a floor were impeded in their work by a cement sink which had been deposited on the subflooring for later installation. The weight of the sink was estimated by him at between 800 and 1000 pounds, and at about 500 pounds by Joachim Gagnon, respondent's superintendent.   In that situation Gagnon ordered five or six carpenters, including the petitioner, and two laborers to assist him in moving the sink. As they were raising the sink or dragging it out of the way, the petitioner, who did not slip or fall, felt a sharp pain in his lower back and left groin.   Although he immediately reported that fact to the superintendent, he received no medical attention at that time.   The following day he went to the accident room of a hospital and was there treated by Dr. Ernest D. Thompson.   He thereafter worked until December 17, 1947 when he had to stop because of pain in the back.

The controlling issue in this cause is whether the petitioner, on December 11, 1947, sustained a personal injury "by accident" arising out of and in the course of his employment. Therefore a bare outline of the medical evidence is sufficient for our purpose. The petitioner was treated for the *injury to his back* by Dr. Thompson from December 12, 1947 to January 6, 1948, and by Dr. Earle E. Hussey from January 24 to October 12, 1948, during which time, according to Dr. Hussey's opinion, he was temporarily totally incapacitated for work because of pain on motion of the spine. On January 6, 1948 Dr. Ralph D. Richardson found a left inguinal hernia requiring an operation, and on January 21 the petitioner was operated on by Dr. William H. Creamer, who estimated the total incapacity for work resulting therefrom at eight to ten weeks.

The evidence as to whether the petitioner sustained an injury "by accident" was in substance as follows. He testified that as a union carpenter his lifting was limited to weights of six or seven pounds and that the moving of heavy objects was the work of laborers. On the other hand, the superintendent testified that in the course of their regular employment carpenters were frequently called upon to move and put in place very heavy objects, such as beams and the like; that it also was a common, everyday occurrence for them, especially if laborers were not available, to move heavy objects out of their way if they obstructed the progress of their work, whether such objects were a beam, sink, stack of iron, or anything else; and that in such circumstances "the men that are nearby for certain work are the ones that would move it, regardless of carpenters, laborers, iron workers, or any trade."

On this evidence the trial justice made two findings of fact: first, that the petitioner did not sustain an injury to his back by accident; and, secondly, that he was entitled to compensation from January 6 to March 29, 1948 for an occupational hernia. Petitioner contends that the first finding is not supported by legal evidence and that the

second finding is wrong in that compensation for the hernia should have commenced as of December 11, 1947, the day that he first felt the pain in the groin while helping to move the sink.

In the circumstances of this cause respondent's liability for the injury to petitioner's back and for the hernia is governed by different sections of the act which are independent of each other. Article II, §1, of the act provides generally for the payment of compensation to an employee for a personal injury "by accident" arising out of and in the course of his employment. Article VIII, entitled "Occupational Diseases," in §1 defines the meaning of that term, and in §2 provides that disablement of an employee from an occupational disease "or condition" described in the appended schedule, which includes hernia of clearly recent origin and promptly reported to the employer, "shall be treated as the happening of a personal injury by accident" within the meaning of the act. An employee who sustains a hernia of the kind described in §2 and at the same time is otherwise injured in the course of his employment may, according to the evidence in each case, be entitled to compensation only for the hernia unless he establishes that the other injury was caused "by accident" within the meaning of that term as construed in numerous decisions of this court. The instant case is illustrative of such a situation.

We need not consider petitioner's contention respecting the extent of compensation for the hernia as the respondent concedes that his claim with reference thereto is sound. In this particular the decree should be modified to the extent of awarding compensation for that injury from December 11, 1947 to March 29, 1948.

The injury to petitioner's back presents an entirely different question. In this instance his contention, which respondent strongly opposes, in brief is that such injury was the result of overexertion while working under unusual conditions inconsistent with the regular course of his employment. He thus seeks to bring himself under that

line of cases which hold that there is an accident within the meaning of the act where an employee, working under unusual or extraordinary conditions, suffers injury to the physical structure of the body from overexertion. *Mederos v. McLeod,* 65 R. I. 177; *Barker v. Narragansett Racing Ass'n, Inc.,* 65 R. I. 489; *St. Goddard v. Potter & Johnson Machine Co.,* 69 R. I. 90; *George A. Fuller Co. v. Schacke,* 71 R. I. 322; *Zielonka v. United States Rubber Co.,* 74 R. I. 82.

The difficulty with petitioner's position is that he rests the claim of injury to his back solely upon his testimony as to the scope of his usual work and disregards the contradicting testimony by respondent's superintendent on this point. This conflict in the testimony respecting the nature and extent of petitioner's work in the regular course of his employment for the respondent was resolved by the trial justice against him. Where the evidence is conflicting, a conclusion by way of reasonable inference is a finding of fact from legal evidence. *Spolidoro v. United States Rubber Co.,* 72 R. I. 269. In the absence of fraud, findings of fact by a trial justice if supported by legally competent evidence are made conclusive by the act. Therefore in the instant case even though a contrary view might be equally reasonable, we cannot disturb the trial justice's finding upon conflicting evidence that the petitioner did not sustain an injury to his back by accident.

The petitioner's appeal is denied and dismissed, the decree appealed from is modified to the extent only of awarding compensation for the hernia from December 11, 1947 to March 29, 1948; otherwise it is affirmed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Francis I. McCanna, Francis A. Kelleher,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.